DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARY SWEET, M.D.,**

**Plaintiff,**

**Case No. 06-2396-CM-DJW**

**SHAWNEE MISSION MEDICAL
CENTER, INC.,**

**Defendant.**

### AGREED PROTECTIVE ORDER

Upon review of the Joint Motion for Entry of a Protective Order (doc. 12), the Court finds

that the parties have shown good cause for entry of such an order, including:

1.      The privacy interest of plaintiff in her financial, medical, and personnel

information;

2.      The privacy interest of SMMC's current and former employees in their

financial, medical, and personnel information; and

3.      The legitimate business interest of SMMC in maintaining the

confidentiality of its non-public information relating to its employees, patients, business

practices, and financial information.

Accordingly, the Joint Motion for Entry of a Protective Order is granted and IT IS HEREBY

ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information designated

"CONFIDENTIAL" as set forth herein in Paragraph 3, including without limitation, documents

produced, answers to interrogatories, responses to requests for admission, deposition testimony, and

other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall include the following:

(a) Information and documents regarding Plaintiff's financial, medical, and personnel information;

(b) Information and documents regarding the financial, medical, and personnel information of SMMC's current and former employees; and

(c) Non-public information and documents regarding SMMC's employees, patients, business practices, and financial information.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it, the consent of the individual whose personnel file is at issue, or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses to the extent such disclosure is necessary to the witness' deposition or trial testimony and preparation therefore; and

(h) other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), the parties agree that counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Protective Order and agrees to be bound by its provisions. The parties further agree that all such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents will be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever an exhibit to a deposition involves the disclosure of CONFIDENTIAL information, the deposition exhibit or portions thereof shall be designated as CONFIDENTIAL and shall be

subject to the provisions of the Protective Order.  It is further ordered that such designation shall be made on the record during the deposition.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information, and that the written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      If a party desires to file a document under seal, that party will be required to file a separate motion and obtain a separate Order of the Court allowing such filing under seal.

10.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, at the expense of the party originally providing the document, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy

4

CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11.     The Court may modify this Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Entry of a Protective Order (doc. 12) is granted.

IT IS SO ORDERED.

Dated this 28th day of February 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge